UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Alfredo MEDINA–SALDANA,
Defendant–Appellant.

No. 90–2008
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 31, 1990.

Horacio L. Barrera, Brownsville, Tex. (Court Appointed), for plaintiff-appellant.

Evan M. Spangler, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for defendant-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Jose Alfredo Medina–Saldana ("Medina") pled guilty to possession with intent to distribute thirty-one pounds of marijuana. Pursuant to a plea bargain agreement, the government agreed to recommend a sentence in the lower end of the guideline range. The district court sentenced Medina to eighteen months of imprisonment, which is in the middle of the range of fifteen to twenty-one months specified by the Sentencing Guidelines for Medina's offense. We reject Medina's argument that the district court either was required to follow the government's recommendation or to state in the record its reasons for failing to do so.

I

On July 31, 1989, United States Border Patrol agents saw Medina and another person walking from an area near the Rio Grande River. When the agents attempted to question Medina and his companion, they

dropped two bundles containing thirty-one pounds of marijuana. At his plea hearing, Medina admitted that he was carrying marijuana and that it was destined for distribution to another person.

## II

On August 8, 1989, Medina was charged in a four-count indictment with conspiracy to import marijuana in violation of 21 U.S.C. § 963; importation of marijuana in violation of 21 U.S.C. § 952(a); conspiracy to possess marijuana with intent to distribute it in violation of 21 U.S.C. § 846; and possession of marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Medina entered a guilty plea to the count charging him with possession of marijuana with intent to distribute it in exchange for the government's agreement to dismiss the remaining counts at sentencing and its agreement to recommend that he be sentenced at the lower end of the sentencing guideline range. The plea agreement was disclosed on the record, and the district court advised Medina that the government's recommendation with respect to sentencing was not binding on the court, and that he could not withdraw his guilty plea if the court chose not to follow the government's recommendation.

A presentence investigation report ("PSI") was prepared and filed without objections. The PSI calculated a sentencing range of fifteen to twenty-one months of imprisonment, and recommended eighteen months because the approximately fourteen kilograms of marijuana Medina intended to distribute fell in the middle of the quantity range corresponding to his offense level. At sentencing, the district court adopted the factual findings of the PSI and implicitly adopted the probation officer's sentencing recommendation. The district court sentenced Medina to imprisonment for eighteen months, to be followed by a three-year term of supervised release. Medina appeals.

## III

### A

■ Medina argues that the district court should have followed the government's recommendation to impose a sentence at the lower end of the guideline range. Medina concedes that his eighteen-month sentence was within the guideline range. He further concedes that the sentencing judge is not required to comply with a sentencing recommendation made pursuant to a plea agreement. Admitting that there is no case law to support his argument, Medina contends that "the literal reading of Sec. 6B1.2(b)(1) and the commentary Section of the guidelines suggest such an interpretation."

■ We disagree. Section 6B1.2(b)(1) states that the court *may* accept a sentencing recommendation if it is within the guidelines, but does not require the court to do so. The district court's application of the guidelines to the facts of a particular case is entitled to "due deference." 18 U.S.C. § 3742(e). *See United States v. Woolford*, 896 F.2d 99, 103–04 & n. 7 (5th Cir.1990). A sentence will be upheld so long as it results from a correct application of the guidelines to factual findings that are not clearly erroneous. *United States v. Buenrostro*, 868 F.2d 135, 136–37 (5th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990). Medina does not contest the correctness of the court's factual findings. Since the district court correctly applied the guidelines and imposed a sentence within the guideline range, Medina has alleged no error that properly can form the basis for relief.

### B

■ In the alternative, Medina argues that the court was required to state on the record its reasons for refusing to follow the government's sentencing recommendation. We disagree. The government, in compliance with the plea agreement, recommended to the district court that Medina receive a sentence in the lower end of the guideline range. The plea agreement was disclosed on the record, and Medina was informed, and acknowledged that he understood, that the district court was not bound

by the government's recommendation. Fed.R.Crim.P. 11 requires no more. In any event, the presentence investigation report explained the basis for the probation officer's sentencing recommendation, and the district court adopted the justification "included in the sentencing recommendation as the court's own justification." We decline to impose a requirement that the district court make an elaborate statement of its reasons for a sentence imposed within the guideline range when the facts are undisputed and the court's calculation of the sentencing range under the guidelines is correct. *See Buenrostro*, 868 F.2d at 137.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.