**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**William CASTRO–PERPIA,**
**Defendant–Appellant.**

**No. 90–2639**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 17, 1991.

Lee Wilson, court appointed, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before POLITZ, DAVIS and BARKSDALE, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellant, William Castro–Perpia ("Castro"), appeals his sentence on grounds that the district court miscalculated his criminal

history score under the Sentencing Guidelines. We find no error and affirm.

## I.

Castro pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of cocaine and aiding and abetting possession of cocaine with intent to distribute. The presentence investigation established that Castro had three prior state criminal convictions. In 1984 he was arrested and charged with possession of cocaine under the alias John Iberra. However, he failed to appear. In 1985 he pleaded guilty to possession of cocaine under the alias Beto Gonzalez. He was sentenced to four years probation, but apparently did not fulfill the supervised probation requirements. In 1987 he was again arrested for possession of cocaine and pleaded guilty under the alias John Iberra. In June 1988 he was sentenced for both the 1984 and 1987 offenses to a five-year term of imprisonment. As a result of the new conviction, his probation for the 1985 offense was revoked, and he was sentenced to a two-year term of imprisonment. He was released on parole from all three sentences in October 1988.

Because the 1984 and 1987 offenses were consolidated for sentencing, three criminal history points were assessed for them. Three points were also added for the 1985 offense. Additionally, Castro was assessed two points for committing the instant offense while on parole and one point for committing the offense less than two years after release from imprisonment. Castro's criminal history point total of nine established a criminal history category of IV. Castro's base offense level of 28 in conjunction with his criminal history category IV resulted in a Guideline sentencing range of 110–137 months. Before sentencing Castro objected to the computation of his criminal history score. Based on an amended presentence report, the district court sentenced Castro to a 137-month term of imprisonment, a five-year term of supervised release, and a $100 special assessment. He timely appeals.

## II.

Castro argues that his criminal history score was miscalculated under the Guidelines. Application of the Sentencing Guidelines is a question of law subject to de novo review. *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir.1989). A sentence must be reversed if it is imposed through the misapplication of the Guidelines. *United States v. Mourning*, 914 F.2d 699, 704 (5th Cir.1990).

Castro contends that his three prior state convictions were related cases and thus should have been counted as one sentence for the purpose of computing his criminal history score. Three points are added to the criminal history score for each prior sentence exceeding one year and one month. U.S.S.G. § 4A1.1(a). Sentences based on different convictions are computed separately for purposes of the criminal history score unless they are "related cases." *Id.* § 4A1.2(a)(2). "Cases are considered related if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." *Id.* § 4A1.2 application note 3.

Castro's contention that the proper criminal history total is three is based on his belief that each prior conviction was individually assessed three points, resulting in a total of nine criminal history points. Contrary to Castro's contention, only six criminal history points are based on his three prior convictions. Three points were assessed for the 1984 and 1987 offenses which were consolidated for sentencing, and an additional three points were assessed for the 1985 conviction. Castro's probation for the 1985 conviction was revoked as a result of the new (1987) conviction, and he was resentenced to a two-year term of imprisonment. Commentary to the Guidelines states that "[i]f ... at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." *Id.* § 4A1.2 application note 11. Although Castro's sentence for the 1985 of-

fense was served concurrently with the sentences for the 1984 and 1987 offenses, the sentences were not consolidated. A sentence is not the equivalent of the period of incarceration served under the sentence. A prior sentence is "any sentence previously imposed upon adjudication of guilt." *Id.* § 4A1.2(a)(1). Convictions are not "related" because the sentences run concurrently. *United States v. Flores*, 875 F.2d 1110, 1114 (5th Cir.1989); *accord United States v. Smith*, 905 F.2d 1296, 1303 (9th Cir. 1990). Castro's argument is without merit.

The district court correctly applied the Sentencing Guidelines in calculating Castro's criminal history score.

AFFIRMED.