UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Francis SHANO, Defendant–Appellant.

No. 91–4102.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1991.

Michael H. Schwartzberg, Lake Charles, La. (Court-appointed), for defendant-appellant.

Josette L. Cassiere, Asst. U.S. Atty., Joseph S. Cage, Jr., U.S. Atty., Brett L. Grayson, Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before WISDOM, JOLLY, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Robert Shano appeals his sentence, contesting the finding that he is a career offender. Shano pled guilty to possession of a firearm as a felon in violation of 18

U.S.C. §§ 922(g) and 924(a)(2). His sentence was enhanced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. He argues that the district court erred in making one of three findings necessary to this enhancement, to wit, that the offense for which he was convicted was a crime of violence. He also appeals the length of his supervised release. For the reasons set forth below, we affirm his sentence as a career offender and vacate and remand the sentence of supervised release.

## I

The facts are generally undisputed. Shano was convicted in 1973 for robbery by assault of a Holiday Inn in Brownwood, Texas. In 1975, he pled guilty to armed robbery of a Regal 8 Motel in Midland, Texas. He was sentenced to five years of imprisonment for the first crime and to ten years for the second.

On October 10, 1989, Shano purchased a shotgun and pistol at the Big A Pawn Shop in Lake Charles, Louisiana. The next day, he purchased another pistol and completed a federal firearms purchase form AFT 4473 for all three weapons. In completing the form, he stated that he had never been convicted of a felony. On October 17, he purchased yet another shotgun from the Acadian Pawn Shop, when he again lied about his convictions on an ATF form.

On the night of October 18, Shano entered the Hampton Inn Motel in Baton Rouge, Louisiana, with a male companion, identified as John Smith. Shano was holding a shotgun. When Shano and Smith appeared at the Hampton Inn, the night auditor locked herself in her office and called the police. Shano and Smith tried to flee, but both were arrested.

This shotgun was not the firearm alleged in the count of the indictment to which Shano later pled guilty. The shotgun to which he pled was bought on October 10. He was apparently arrested with the shotgun purchased on October 17.

Shano maintains that the shotgun was no more than a personal possession that he brought into the motel with him when he was attempting to register for a room. It does seem, however, that the shotgun was the only "personal possession" that he bothered to bring into the motel. Shano further explained that earlier he and Smith, who were drunk and on cocaine, had returned to Shano's wife's room at another motel, where a noisy argument occurred. He and Smith left the first motel with his possessions after the police arrived and broke up the argument. Thus, when they arrived at the Hampton Court, his story is that they were only looking for a room.

There is no evidence before us that Shano demanded money or robbed the motel, that he verbally threatened the clerk, or that he pointed the weapon at her. The East Baton Rouge Parish district attorney later reduced the charge from attempted armed robbery to misdemeanor possession of a firearm.

## II

Shano was charged in a six-count indictment with crimes related to possession of firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).[1] Count one charged that on October 10, Shano received a 12 gauge shotgun and a .25 caliber pistol. Count three charged that on October 11, he received a .22 caliber pistol, and count five charged that he received another 12 gauge shotgun on October 17. The remaining counts charged him with knowingly providing false or fictitious statements while acquiring each firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B).

**1.** 18 U.S.C. § 922(g) provides in part:
It shall be unlawful for any person—
(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
Section 924(a)(2) provides that a violator of section 922(g) may be both fined and imprisoned for up to ten years.

In accordance with a plea agreement, he pled guilty to count one—the possession of the firearms he purchased on October 10, which, as we have said, did not include the shotgun he possessed at the Hampton Court on October 17. The plea agreement provided for a maximum sentence of ten years in prison followed by three years of supervised release.

At his sentencing hearing, Shano objected to his presentence report because of its recommendation that he be sentenced as a career offender. The court heard testimony from the night auditor and from Shano regarding the events of October 18, and Shano admitted that he had been unable to control his use of cocaine and alcohol. The court found Shano to be a career offender and sentenced him to ninety months in prison, to be followed by supervised release of five years. This sentence reflected a ten month reduction based on his cooperation with the government in another prosecution and was well below the ten-year term Shano accepted as the maximum in his plea agreement.

The base period of supervised release for firearms possession by a felon, a class C offense under the sentencing guidelines, is three years. U.S.S.G. § 5D1.2(b)(2). In sentencing Shano to a five-year period, the district court assigned no reasons either for the upward departure or for rejecting the three year period provided in the plea agreement.

### III

Robert Shano argues that the district court erred in sentencing him as a career offender under section 4B1.1. We will uphold a criminal sentence unless the defendant demonstrates that it was imposed in violation of the law, was a result of an incorrect application of the guidelines, or was outside of the applicable range and was unreasonable. 18 U.S.C. § 3742(e); *United States v. Goodman* 914 F.2d 696, 697 (5th Cir.1990). We review questions of the interpretation of the section 4B1.1 as a question of law subject to *de novo* review. *United States v. Castro-*

*Perpia*, 932 F.2d 364 (5th Cir.1991). And, we review the application of the guidelines to the facts for clear error. *United States v. Medina–Saldana*, 911 F.2d 1023, 1024 (5th Cir.1990).

Shano further argues that his sentence to five years of supervised release was outside the sentencing range for his offense. A departure from the guidelines is within the discretion of the sentencing judge, but the court must assign reasons for its departure. *United States v. Rogers*, 917 F.2d 165 (5th Cir.1990) *cert. denied* — U.S. ——, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991). We review a departure to determine whether it was reasonable in the light of the appropriate sentencing factors and the stated explanations for the departure. *United States v. Rivera*, 879 F.2d 1247, 1255 (5th Cir.1989) *cert. denied* 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550.

### IV

Shano contends that the district court erred in finding that he is a career criminal under Sentencing Guidelines section 4B1.1, which provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Shano does not contest element (1), that he was over eighteen at the time of the offense, or (3), that he had been twice convicted of crimes of violence. He argues that the crime for which he was convicted, that is, his possession of the firearms purchased on October 10, was not a crime of violence.

"Crime of violence" is defined in section 4B1.2:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

■ As indicated by subsection 4B1.2(1)(ii), the term "crime of violence" is not restricted to acts that are violent in themselves; crimes such as burglary and extortion are only potentially violent. The breadth of "crimes of violence" is demonstrated by the commentary, which notes that it includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses, irrespective of whether the acts performed in committing the offense include violent conduct. United States Sentencing Commission *Guidelines Manual* 4.12 (1990). Thus, "crimes of violence" includes crimes that have a potential for violence, even if no violent act was committed during the commission of the crime.

We turn to subsection 4B1.2(1)(ii) to determine whether the offense involves "conduct that presents a serious potential risk of physical injury to another." We construed a violation of 18 U.S.C. § 922 in the light of subsection 4B1.2(1)(ii) in *United States v. Goodman*, 914 F.2d 696 (5th Cir. 1990).

In *Goodman*, we found it unnecessary to decide whether the possession of a firearm by a convicted felon was a crime of violence *per se*. Instead, we followed guidelines section 1B1.3(b) which directs the court to look beyond the face of the indictment and consider all of the relevant facts in imposing sentences. *Goodman*, 914

F.2d at 699. In that case, convicted felon Gary Goodman was drunk when he arrived at a party and started an argument with strangers. He was asked to leave, and he left. Later, he returned with a pistol and threatened the party-goers. He somehow lost the pistol and again left. He returned once more to the now-deserted scene with a rifle, hoping to recover his pistol. He failed to find the pistol and drove away, running into a ditch. He was found by a policeman who charged him with and arrested him for DWI. His rifle was confiscated, but the pistol was never found. Goodman pled guilty to possession of the rifle, and another charge based on his possession of the pistol was dropped. Although Goodman possessed the rifle later in the evening of his threatening conduct, when no persons were around, the district court found that the rifle nevertheless "was used in such a way that it does fit the definition within the sentencing guidelines as a crime of [violence]." *Goodman* 914 F.2d at 697. On appeal, we concluded that the ruling of the district court was not error.[2]

■ *Goodman* is clearly applicable authority to the case at hand, but further consideration is required: unlike *Goodman*, the weapon that Shano possessed at the motel is not the firearm to which he pled guilty. Thus, the question before us is whether the record will support the district court's finding that Shano's conviction for possession of a firearm, which was unconnected to any specific act of violence, was a crime of violence. In making this determination, we will, as *Goodman* instructs, examine all of the relevant facts in the record.

---

2. Our ruling in *Goodman* does not conflict with the later cases in other circuits that are divided in determining that a felon's possession of a firearm is a crime of violence *per se*. Compare *United States v. O'Neal*, 937 F.2d 1369 (9th Cir. 1990, as amended 1991) (violation of section 922(g) is a crime of violence by its nature); *United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991) (same). *Contra United States v. Chapple*, 942 F.2d 439 (7th Cir.1991); *United States v. Williams*, 892 F.2d 296, 304 (3d Cir.1989) *cert. denied*, — U.S. —, 110 S.Ct. 3221, 110

L.Ed.2d 668 (1990) ("possessing a gun while firing it ... is a crime of violence; possession without firing it is not.").

Our approach in *Goodman* appears to accord with that of the Eighth and Tenth Circuits. See *United States v. Walker*, 930 F.2d 789 (10th Cir.1991) (examination of the facts showed no conduct arising to a crime of violence); *United States v. Cornelius*, 931 F.2d 490 (8th Cir.1991) (examination of the facts showed conduct amounting to a crime of violence).

The record establishes that Shano has been convicted of two motel robberies involving the use of firearms. He purchased three weapons, including two handguns, within two days. Six days later, he purchased yet another shotgun, bringing his known arsenal to four firearms. He lied in his firearms permit applications about his criminal record. One night later, while in the possession of firearms, he caused a disturbance at one motel that was serious enough to require the police. He was arrested later that same night after entering a motel, brandishing a shotgun, while under the influence of drugs and alcohol. Here was a long established, yet current, record of violence, crime, and irresponsibility associated with Shano's possession of guns. Thus, the district court, looking beyond the face of the indictment, could find sufficient evidence to determine that Shano's mere possession of the pistol and shotgun charged in count one of the indictment presented a "serious potential risk of physical injury to another." The district court did not err in sentencing Shano as a career offender under section 4B1.1.

### V

■ Shano pled guilty to a class C felony. His plea agreement specified that he was eligible for a maximum of three years' supervised release. Guidelines section 5D1.2(b)(2) specifies that the term of a supervised release, when ordered for class C felonies, shall be of "at least two years but not more than three years." The government concedes that the district court gave insufficient reasons for its upward departure.

In the absence of an assignment of reasons, Shano's sentence to five years of supervised release is clear error. We therefore vacate the sentence relating to supervised release and remand the case for further proceedings.

### VI

In conclusion, we affirm the sentence requiring Robert Shano to serve ninety months in prison as a career offender. We vacate the sentence of five years on super-

vised release and remand this case for further proceedings.

VACATED in PART, AFFIRMED in PART, and REMANDED.