**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Giuseppe Vito "Joe" SICILIANO,**
**Defendant–Appellant.**

No. 91–3811.

United States Court of Appeals,
Fifth Circuit.

Feb. 5, 1992.

Karl J. Koch, Unglesby & Koch, Baton Rouge, La., for defendant-appellant.

Robert W. Piedrahita, Randall B. Miller, Asst. U.S. Attys., P. Raymond Lamonica, U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before HIGGINBOTHAM and BARKSDALE, Circuit Judges, and McBRYDE, District Judge.[1]

BARKSDALE, Circuit Judge:

Giuseppe Vito "Joe" Siciliano, a former law enforcement officer and prison guard, appeals his sentence for drug offenses involving the prison; and the main issue is whether an upward departure for placing the prison security at risk is reasonable, in light of his having also received an increase in his sentence for abuse of a position of trust. We AFFIRM.

I.

Siciliano was a sheriff's deputy, serving as a guard at the East Baton Rouge Parish Prison in Baton Rouge, Louisiana. On March 27, 1991, as earlier agreed, he sold to an undercover agent, for $200, an ounce of marijuana that he had previously smuggled into the prison. At the same time, and as also agreed, the agent delivered an ounce of marijuana for Siciliano to smuggle to an inmate in the prison. On March 29, Siciliano was observed delivering that marijuana to an inmate. And, on April 1, Siciliano agreed in a telephone conversation

---

1. District Judge of the Northern District of Tex- as sitting by designation.

with an undercover agent to smuggle additional marijuana into the prison in exchange for $100.

Siciliano was indicted for: (1) conspiracy to distribute and to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count 1); and (2) possession with intent to distribute and distribution of marijuana, in violation of § 841(a)(1) (counts 2 and 3). Pursuant to a plea agreement, he pleaded guilty to all counts.

Siciliano's pre-sentence report (PSI) grouped his three offense counts together, pursuant to § 3D1.2(d) of the guidelines, and calculated his base offense level at six under § 2D1.1(c)(19), which pertains to, among other things, unlawful drug trafficking. The PSI recommended a two point increase under § 3B1.3 for abuse of position of trust and a two point decrease under § 3E1.1 for acceptance of responsibility, for a total offense level of six.[2] Because Siciliano had no prior convictions, he was assigned criminal history category I. The resulting guideline range for imprisonment was zero to six months. *See* U.S.S.G. Chapter 5, Part A (sentencing table). The probation officer suggested that Siciliano's involvement in a conspiracy to introduce drugs into a prison might warrant an upward departure. Prior to sentencing, Siciliano's only objection was to the departure suggestion. He stated that his conduct was adequately considered in § 3B1.3, for abuse of position of trust. He objected on the same basis at sentencing and also relied by analogy on U.S.S.G. § 2P1.2, as discussed *infra.*

At sentencing, the district court imposed the § 3B1.3 two point increase for abuse of trust, but granted a two point reduction for acceptance of responsibility. In addition, it departed four months above the guidelines sentencing range. At the start of the colloquy on upward departure, the district judge stated that he was considering it, "because it appears that the guidelines do not adequately consider the specific factor that here is a sworn law enforcement officer whose specific responsibility is the security of the prison and he introduces illegal drugs into that prison"; that "his abuse of trust, as a deputy sheriff, [appeared to be] a separate factor". It explained the sentence as follows:

A deputy sheriff who, while on duty, should commit the offenses that [Siciliano] committed, conspiracy to possess and distribute illegal drugs, possession and distribution of illegal drugs, if that were done on the street, that deputy, by reason of his position as a deputy, would get the adjustment for abuse of trust.

This deputy was not on the street. He did not commit the crimes on the street. These crimes were committed by him, not only in his capacity as deputy, but in his capacity as the guardian of the security of the prison. And I see a distinction. It appears to me that the guidelines look only at his capacity as deputy sheriff.

Later, addressing Siciliano, the district judge stated:

I think that the offense you committed is not adequately covered by the guidelines. The guidelines are pegged into the small quantity of marijuana that was involved and, as such, do not consider the fact that you were in charge of or charged with the responsibility for keeping this institution secure and, you, for a small amount of money, agreed to introduce contraband into the institution.

Likewise, the judgment stated that "[t]he guidelines do not adequately consider that the defendant not only abused his trust as a deputy sheriff, but was also personally assigned to the security of the prison into which he introduced illegal drugs." Accordingly, Siciliano was sentenced, *inter alia,* to ten months' imprisonment on each count, to run concurrently.

## II.

Siciliano contends that the district court erred by: (1) departing from the guideline

**2.** The probation officer, in response to the government's objection, withdrew his recommendation for an acceptance of responsibility reduction. However, as discussed *infra,* the district court allowed the reduction and accordingly relied on the base level offense calculations in the PSI as its starting point.

range based on a factor the sentencing commission had adequately considered; (2) departing an unreasonable amount; (3) failing to give reasons for the sentence and level of departure; (4) departing to a particular sentence, rather than to an offense level; and (5) denying him allocution.

■ We will uphold a guidelines sentence unless it was imposed in violation of law, resulted from an incorrect application of the guidelines, or was outside the guideline range and is unreasonable. 18 U.S.C. § 3742(e); *United States v. Shano*, 947 F.2d 1263, 1266 (5th Cir.1991). Factual determinations are reviewed for clear error; legal issues, *de novo. Id.* "A departure from the guidelines is within the discretion of the sentencing judge, but the court must assign reasons for its departure.... We review a departure to determine whether it was reasonable in the light of the appropriate sentencing factors and the stated explanations for the departure." *Id.* (citation omitted). *See United States v. Webb*, 950 F.2d 226, 231–32 (5th Cir.1991). In doing so, "[w]e grant the district judge wide discretion to decide whether aggravating factors exist to support an upward departure." *United States v. Hatch*, 926 F.2d 387, 396–97 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 2239, 114 L.Ed.2d 481 (1991). If we determine that an upward departure is reasonable, we then determine whether the extent, or length, of the departure is reasonable. *See Webb*, 950 F.2d at 231–32; *United States v. Wade*, 931 F.2d 300, 307 (5th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 247, 116 L.Ed.2d 202 (1991).

### A.

■ Congress has authorized a sentencing court to impose a sentence outside the guideline range only if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines". 18 U.S.C. § 3553(b). *See United States v. Correa–Vargas*, 860 F.2d 35, 37 (2d Cir.1988); U.S.S.G. § 5K2.0. The aggravating circumstance need not be another crime but may be a specific offense characteristic listed in other sentencing guidelines provisions. *United States v. Kikumura*, 918 F.2d 1084, 1113 (3d Cir.1990).

■ Siciliano contends that the basis for departure was adequately considered by the sentencing commission. He claims, by analogy to § 2P1.2 (providing or possessing contraband in prison), that the commission considered conduct such as his and concluded that, in such a case, the sentencing court should not depart beyond the two points allowed under § 3B1.3 for abuse of position of trust. Section 2P1.2 contains a specific offense characteristic that requires a two point increase where the defendant is a law enforcement officer. U.S.S.G. § 2P1.2(b)(1).[3] An application note provides that, in cases where this specific offense characteristic applies, no adjustment is to be made under § 3B1.3 for abuse of position of trust. *See* § 2P1.2, comment. (n. 1). Because no points are to be added under § 3B1.3 when two points are added under § 2P1.2(b)(1), Siciliano asserts by analogy that the district court unreasonably departed beyond the two points it imposed under § 3B1.3.

We disagree. First, Siciliano does not contend that § 2P1.2 should apply. Siciliano was convicted for, among other things, distributing drugs for profit; he was sentenced under guidelines § 2D1.1 (unlawful drug trafficking). Unlike § 2P1.2, that section does not take into account the specific offense characteristic of being a law enforcement officer. And, here, the defendant is more than merely a law enforce-

---

**3.** § 2P1.2 *Providing or Possessing Contraband in Prison*

    (a) Base Offense Level:

        *    *    *    *    *    *

    (3) 6, if the object was ... a controlled substance....

        *    *    *    *    *    *

    (b) Specific Offense Characteristic

(1) If the defendant was a law enforcement or correctional officer or employee ... at the time of the offense, increase by 2 levels.

ment officer who engages in a prohibited transaction and is sentenced under § 2D1.1, with two points added under § 3B1.3 for abuse of position of trust. Rather, he is also a guard who engaged in a prohibited transaction while charged with maintaining prison security.[4]

Siciliano asserts incorrectly that the specific offense characteristic of using one's role as a prison guard to commit the offense is subsumed within the abuse of position of trust section. Obviously, a law enforcement official can take advantage of his position to complete a drug transaction without, at the same time, jeopardizing the security of a prison he is charged with protecting. *See generally Hatch*, 926 F.2d at 397 (upholding upward departure for disruption of governmental function beyond that for abuse of position of trust). In such a case, only the two point increase for abuse of position of trust might well be adequate. Here, however, Siciliano's activity, in addition to being an abuse of position of trust, also implicated the prison's security. We cannot say that the departure on the grounds articulated by the district court was unreasonable.

### B.

■ The remaining issues merit only brief discussion. Siciliano claims first that the district court, once having decided to depart upward, departed an unreasonable amount. The gist of his argument is that the district court unreasonably departed three levels, instead of two; again by analogy to § 2P1.2, he asserts that only a two-point increase is appropriate.

However, as noted, § 2P1.2 is not truly analogous. Siciliano sold drugs in prison rather than merely smuggling them, as un-

der § 2P1.2. Moreover, we agree with the First Circuit that "a sentencing court need not resort at all to analogies when departing under section 5K2.0." *United States v. Aymelek*, 926 F.2d 64, 70 (1st Cir.1991). And, as noted, the district court was not only relying on the specific offense characteristic of being a law enforcement officer; it was also considering Siciliano's role as guardian of the prison. In *Hatch*, for example, this court approved a ten-month departure, imposed after the offense level was increased for abuse of position of trust, for a law enforcement officer whose conduct "caused a serious disruption of a governmental function." 926 F.2d at 397. A four-month increase is not unreasonable under the circumstances.

### C.

■ Siciliano contends next that the district court failed to state reasons for the sentence and for the extent of departure. However, as noted in Part I., the court, at sentencing, did state specific reasons for departing. It emphasized that the guidelines sentencing range was based on the small quantity of marijuana involved and did not adequately take into consideration that Siciliano committed the offense in his role as a deputy and as guardian of the prison's security. The articulated reasons satisfied the requirement of 18 U.S.C. § 3553(c) that the sentencing judge state in open court the specific reasons for the departure. And, even assuming that the district judge did not give reasons for the extent of the departure, he was not required to do so under the law of this circuit.[5] *United States v. Huddleston*, 929 F.2d 1030, 1031 (5th Cir.1991).

---

**4.** Siciliano's assertion that he would receive a lesser sentence pursuant to § 2P1.2 if he had committed the same conduct in a federal prison is incorrect. *Section 2P1.2 applies to offenses committed under 18 U.S.C. § 1791, which proscribes, inter alia, "provid[ing] to an inmate of a prison a prohibited object". 18 U.S.C. § 1791(a)(1).* Even if Siciliano had committed this offense in a federal prison, it is questionable whether he would have been charged under § 1791 (and accordingly sentenced under § 2P1.2), because he did far more than "pro-

vide" a controlled substance; he trafficked in marijuana for profit.

**5.** It is more than arguable that he did give sufficient reasons for the extent, based upon reading the sentencing colloquy as a whole. And, following a lengthy discussion of why he felt a departure was required, the district judge stated that he was "convinced that a sentence of ten months is necessary in [this] case."

## D.

 Siciliano claims that the district court erred in departing to a particular sentence, rather than a particular number of offense levels. However, at sentencing, the district court made clear that the four month departure was equivalent to three offense levels, *i.e.*, that it departed from a level six to a level nine. Moreover, we do not view as determinative whether the sentencing court articulates its departure in terms of offense levels or the number of months involved, so long as the departure itself is reasonable. This contention lacks merit.

## E.

 Finally, Siciliano contends that the district court erred in denying him allocution required by Fed.R.Crim.P. 32(a).[6] At sentencing, neither Siciliano nor his attorney requested allocution prior to sentence being imposed. After sentencing Siciliano, the district judge realized that he had not allowed allocution and corrected his mistake. When offered the opportunity to speak, Siciliano acknowledged briefly that what he had done was wrong and apologized. His attorney responded merely "[t]hank you". The court stated that the reduction it had already given for acceptance of responsibility would stand and reimposed the same sentence.

While Siciliano would be entitled to re-sentencing if the court had never allowed allocution, he has already received the remedy he would be allowed if we remanded for resentencing, *i.e.*, reimposition of sentence following allocution. *See United States v. Dominguez–Hernandez*, 934 F.2d 598, 599 (5th Cir.1991); *United States v. Posner*, 868 F.2d 720, 724 (5th Cir.1989). He has not demonstrated prejudicial error.

**6.** That Rule states:

(a) Sentence.

(1) Imposition of Sentence..... Before imposing sentence, the court shall ...—

\* \* \* \* \* \*

(B) afford counsel for the defendant an opportunity to speak on behalf of the defendant; and

(C) address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.

## III.

For the foregoing reasons, Siciliano's sentence is

AFFIRMED.