UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Francis SHANO, Defendant–Appellant.

No. 91–4102.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1992.

Petitition for Writ of Certiorari Dismissed March 24, 2992.

See 112 S.Ct. 1520.

Michael H. Schwartzberg, Lake Charles, La. (Court-appointed), for defendant-appellant.

Josette L. Cassiere, Brett L. Grayson, Asst. U.S. Attys., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before WISDOM, JOLLY, and SMITH, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

We withdraw our previous opinion, *U.S. v. Shano*, 947 F.2d 1263 (5th Cir.1991), and substitute the following, which only affects part IV and the remand, resulting in vacating the entire sentence.

Robert Shano appeals his sentence, contesting the finding that he is a career offender. Shano pled guilty to possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). His sentence was enhanced as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. He argues that the district court erred in making one of three findings necessary to this enhancement, to wit, that the offense for which he was convicted was a crime of violence. He also appeals the length of his supervised release. For the reasons set forth below, we vacate the sentence and remand the case for resentencing.

I

The facts are generally undisputed. Shano was convicted in 1973 for robbery by

assault of a Holiday Inn in Brownwood, Texas. In 1975, he pled guilty to armed robbery of a Regal 8 Motel in Midland, Texas. He was sentenced to five years of imprisonment for the first crime and to ten years for the second.

On October 10, 1989, Shano purchased a shotgun and pistol at the Big A Pawn Shop in Lake Charles, Louisiana. The next day, he purchased another pistol and completed a federal firearms purchase form AFT 4473 for all three weapons. In completing the form, he stated that he had never been convicted of a felony. On October 17, he purchased yet another shotgun from the Acadian Pawn Shop, when he again lied about his convictions on an ATF form.

On the night of October 18, Shano entered the Hampton Inn Motel in Baton Rouge, Louisiana, with a male companion, identified as John Smith. Shano was holding a shotgun. When Shano and Smith appeared at the Hampton Inn, the night auditor locked herself in her office and called the police. Shano and Smith tried to flee, but both were arrested.

This shotgun was not the firearm alleged in the count of the indictment to which Shano later pled guilty. The shotgun to which he pled was bought on October 10. He was apparently arrested with the shotgun purchased on October 17.

Shano maintains that the shotgun was no more than a personal possession that he brought into the motel with him when he was attempting to register for a room. It does seem, however, that the shotgun was the only "personal possession" that he bothered to bring into the motel. Shano further explained that earlier he and Smith, who were drunk and on cocaine, had returned to Shano's wife's room at another motel, where a noisy argument occurred. He and Smith left the first motel with his possessions after the police arrived and broke up the argument. Thus, when they arrived at the Hampton Court, his story is that they were only looking for a room.

There is no evidence before us that Shano demanded money or robbed the motel, that he verbally threatened the clerk, or that he pointed the weapon at her. The

East Baton Rouge Parish district attorney later reduced the charge from attempted armed robbery to misdemeanor possession of a firearm.

## II

Shano was charged in a six-count indictment with crimes related to possession of firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Count one charged that on October 10, Shano received a 12 gauge shotgun and a .25 caliber pistol. Count three charged that on October 11, he received a .22 caliber pistol, and count five charged that he received another 12 gauge shotgun on October 17. The remaining counts charged him with knowingly providing false or fictitious statements while acquiring each firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B).

In accordance with a plea agreement, he pled guilty to count one—the possession of the firearms he purchased on October 10—which, as we have said, did not include the shotgun he possessed at the Hampton Court on October 17. The plea agreement provided for a maximum sentence of ten years in prison followed by three years of supervised release.

At his sentencing hearing, Shano objected to his presentence report because of its recommendation that he be sentenced as a career offender. The court heard testimony from the night auditor and from Shano regarding the events of October 18, and Shano admitted that he had been unable to control his use of cocaine and alcohol. The court found Shano to be a career offender and sentenced him to ninety months in prison, to be followed by supervised release of five years. This sentence reflected a ten-month reduction based on his cooperation with the government in another prosecution and was well below the ten-year term Shano accepted as the maximum in his plea agreement.

The base period of supervised release for firearms possession by a felon, a class C offense under the sentencing guidelines, is three years. U.S.S.G. § 5D1.2(b)(2). In

sentencing Shano to a five-year period, the district court assigned no reasons either for the upward departure or for rejecting the three-year period provided in the plea agreement.

### III

 Robert Shano argues that the district court erred in sentencing him as a career offender under section 4B1.1. We will uphold a criminal sentence unless the defendant demonstrates that it was imposed in violation of the law, was a result of an incorrect application of the guidelines, or was outside of the applicable range and was unreasonable. 18 U.S.C. § 3742(e); *United States v. Goodman*, 914 F.2d 696, 697 (5th Cir.1990). We review questions of the interpretation of the section 4B1.1 as a question of law subject to *de novo* review. *United States v. Castro–Perpia*, 932 F.2d 364 (5th Cir.1991). And, we review the application of the guidelines to the facts for clear error. *United States v. Medina–Saldana*, 911 F.2d 1023, 1024 (5th Cir.1990).

 Shano further argues that his sentence to five years of supervised release was outside the sentencing range for his offense. A departure from the guidelines is within the discretion of the sentencing judge, but the court must assign reasons for its departure. *United States v. Rogers*, 917 F.2d 165 (5th Cir.1990) *cert. denied* — U.S. ——, 111 S.Ct. 1318, 113 L.Ed.2d 252 (1991). We review a departure to determine whether it was reasonable in the light of the appropriate sentencing factors and the stated explanations for the departure. *United States v. Rivera*, 879 F.2d 1247, 1255 (5th Cir.1989) *cert. denied* 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550.

### IV

 Shano contends that the district court erred in finding that he is a career criminal under Sentencing Guidelines section 4B1.1, which provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Shano does not contest element (1), that he was over eighteen at the time of the offense, or (3), that he had been twice convicted of crimes of violence. He argues that the crime for which he was convicted, that is, his possession of the firearms purchased on October 10, was not a crime of violence. "Crime of violence" is defined in section 4B1.2:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Following the November 1991 amendments to the Sentencing Guidelines, the relevant application notes of the official commentary to section 4B1.2 now read:

"Crime of violence" includes murder, manslaughter, [etc.]. : . . Other offenses are included where (A) that offense has as an element the use, attempted use or threatened use of physical force against ·the person of another, or (B) the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted involved the use of explosives ... or, by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of inquiry.

The term "crime of violence" does not include the offense of unlawful possession of a firearm by a felon. Where the instant offense is the unlawful possession of a firearm by a felon, the specific offense characteristics of § 2K2.1 (Un-

lawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition) provide an increase in offense level if the defendant has one or more prior felony convictions for a crime of violence or controlled substance offense....

U.S.S.G. *Guidelines Manual* 274 (1991).

In our recent decision of *United States v. Fitzhugh,* 954 F.2d 253 (5th Cir.1992), we contrasted this amended commentary to our pre-amendment interpretation of section 4B1.2 in *United States v. Goodman,* 914 F.2d 696 (5th Cir.1990). In *Fitzhugh* we held that, in the light of the 1991 sentencing guideline amendments, district courts should no longer consider the facts underlying the offense of conviction in determining whether that offense is a crime of violence under Guidelines sections 4B1.1 and 4B1.2. More specifically, we held in that case that the conviction of Mark Fitzhugh of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) was not a proper basis for computing his sentence as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2

We reach the same conclusion in our case today. Robert Shano only pled guilty to the possession of a firearm as a felon; the 1991 amendments make clear that only the charged conduct can be considered in assessing whether the crime of conviction is a crime of violence; even more specifically to the facts here, the 1991 amendments expressly state that possession of a firearm is not to be sentenced as a crime of violence. Thus, there was no basis for the district court to have computed Shano's sentence as a career offender under the guidelines. We therefore vacate the sentence as a career offender and we remand the case for resentencing.

## V

Shano pled guilty to a class C felony. His plea agreement specified that he was eligible for a maximum of three years' supervised release. Guidelines section 5D1.2(b)(2) specifies that the term of a supervised release, when ordered for class C felonies, shall be of "at least two years but not more than three years." The government concedes that the district court gave insufficient reasons for its upward departure.

In the absence of an assignment of reasons, Shano's sentence to five years of supervised release is clear error. We therefore vacate the sentence relating to supervised release and remand the case for resentencing.

## VI

In conclusion, we vacate the sentence of Robert Shano and reverse and remand this case for resentencing.

VACATED, REVERSED and REMANDED.