65 F.3d 171
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. TAYLOR, Defendant-Appellant.
 No. 94-2994.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.
Decided Aug. 23, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Charles A. Taylor pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court accepted the plea and sentenced Taylor to twelve years' imprisonment and five years of probation. Taylor's counsel filed a notice of appeal followed by a motion to withdraw as counsel and an Anders brief in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), Levine was informed of his right to respond, which he did not.
 
 
 2
 Before we may grant counsel's motion, we must be satisfied that counsel diligently and thoroughly searched the record for any arguable claim supporting grounds for appeal. We will grant a motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). Our independent review of the record reveals that there are no grounds for an appeal that can be considered non-frivolous.
 
 
 3
 I. Issues Concerning the Plea Agreement.
 
 
 4
 Taylor's counsel raises the issue of whether Taylor knowingly and voluntarily entered into the plea agreement. Having independently reviewed the transcripts of the plea hearing and hearing on Taylor's motion to vacate the plea agreement, as well as the supplemental pre-sentence report regarding Taylor's psychiatric condition, we conclude that any challenge to the voluntariness of Taylor's guilty plea would be groundless and therefore frivolous.
 
 
 5
 A plea of guilty is knowing and voluntary if the defendant is competent and aware of the charges and advised by competent counsel. United States v. Messino, 55 F.3d 1241, 1248 (7th Cir.1995); Brady v. United States, 397 U.S. 742, 755-56 (1970). A defendant is competent if he has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and if he has "a rational as well as factual understanding of the proceedings against him." United States v. Collins, 949 F.2d 921, 927 (7th Cir.1991) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curium)). Under 18 U.S.C. Sec. 4241(a), the district court is required to order a competency hearing sua sponte only if there exists reasonable cause to believe the defendant is incapable of understanding the nature and consequences of proceedings against him or unable to assist properly in his own defense. 18 U.S.C. Sec. 4241(a); United States v. Fuller, 15 F.3d 646, 649 (7th Cir.), cert. denied, 114 S.Ct. 2689 (1994); Chichakly v. United States, 926 F.2d 624, 633 (7th Cir.1991). Although Taylor filed a motion to vacate his plea agreement, claiming that he was incapable of understanding the nature of his action due to psychological problems, but he did not sign the affidavit attached to the motion and did not introduce any medical evidence regarding his psychological condition. Taylor later recanted his statement and withdrew his motion to vacate.[1] At no time did Taylor request a competency hearing.
 
 
 6
 Since there was no reasonable cause to believe Taylor was not competent to enter into the plea agreement, any appeal on this basis would be groundless and therefore frivolous. Both Taylor and his attorney gave assurances that Taylor was capable of understanding the proceedings and assist in his own defense. The district court had ample opportunity to observe Taylor and questioned him extensively about his competency. Taylor's own statements, the assurances of his attorney and the district court's independent evaluation of Taylor's understanding of the proceedings, gave the district court (and this court) no reasonable cause to doubt Taylor's competence. See Fuller, 15 F.3d at 650; Collins, 949 F.2d at 926; Chichakly, 926 F.2d at 633-34.
 
 
 7
 Nor could Taylor claim that he involuntarily entered into the plea agreement. The record of a properly conducted plea hearing is entitled to a "presumption of verity." United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993). See also Messino, 55 F.3d at 1248-50; United States v. Kellum, 42 F.3d 1087, 1097 (7th Cir.1994). The record establishes that the district court comprehensively followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Taylor's plea was knowing and voluntary. The district court engaged in a thorough and careful colloquy with Taylor reviewing the provisions of the plea agreement and advising Taylor of his constitutional rights, the elements of the charge against him, the consequences of a guilty plea, the potential maximum and minimum penalties and the right to appeal. (Plea Acceptance Transcript 3/16/94 at 13-26) Taylor stated that he read the plea agreement and discussed it with his attorney, that no one had threatened him or attempted to force him to pled guilty, that he understood the trial rights he was waiving by pleading guilty and that he understood the potential penalties attached to the offense charged. (Id.) Taylor also agreed with the facts offered by the government and admitted committing the offense charged. (Id. at 19-20) Accordingly, any argument challenging the voluntariness of Taylor's guilty plea would be frivolous. Kellum, 42 F.3d at 1097; United States v. Garcia, 35 F.3d 1125, 1232 (7th Cir.1994); United States v. Ellison, 835 F.2d 687, 693 (7th Cir.1987).
 
 
 8
 II. Ineffective Assistance of Counsel.
 
 
 9
 Taylor could arguably attack his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of criminal defense attorneys and that, but for, counsel's errors he would not have insisted on going to trial. See United States v. Malave, 22 F.3d 145, 147 (7th Cir.1994); Collins, 926 F.2d at 627-28. In October 1993, Taylor wrote a letter to the court requesting different counsel and accusing his attorney of incompetence, dishonesty and unethical behavior. In August and November 1993, Taylor's counsel filed motions to withdraw as counsel. Taylor's counsel stated that he believed he could not diligently and zealously represent him because a "substantial personal incompatibility" existed between himself and Taylor thus causing a lack of communication and cooperation in the preparation of a defense. On November 19, 1993, the district court denied the motion to withdraw and neither Taylor nor his counsel subsequently renewed their requests. On March 16, 1994, Taylor stated at the plea acceptance hearing that he was satisfied with the advice and assistance of his counsel. (Plea Acceptance Transcript 3/16/94 at 11)
 
 
 10
 This court generally cannot review a claim of ineffective assistance of counsel on direct appeal "if the effectiveness of a trial lawyer's performance cannot be evaluated without an evidentiary hearing at which the lawyer is asked to explain why he chose a particular strategy." Garcia, 35 F.3d at 1132-33; Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). Here the record is not sufficiently developed to consider a claim of ineffective assistance of counsel and any appeal based on this ground would be premature. United States v. D'Iguillont, 979 F.2d 612, 615 (7th Cir.), cert. denied, 113 S.Ct. 1873 (1993).
 
 
 11
 III. Sentencing Issues.
 
 
 12
 Taylor's counsel also raises the issue of whether the district court erred in imposing Taylor's sentence. The Guideline range for Taylor's offense was one hundred and twenty-one to one hundred and fifty-one months. The district court sentenced Taylor to one hundred and forty-four months' imprisonment and five years supervised release. No fine was imposed and the district court ordered Taylor to pay a special assessment of $50.
 
 
 13
 When the district court imposes a sentence within the guideline range, we will not find error "as long as the range is accurately determined and the court gives a reason for its sentence." United States v. Wagner, 996 F.2d 906, 915 (7th Cir.1993), cert. denied, 114 S.Ct. 720 (1994). See also 18 U.S.C. 3553(c)(1) (when sentence is imposed pursuant to the Guidelines and the range of imprisonment exceeds one year, the court must state the reason for imposing a sentence at a particular point within the guideline range). "Absent an error of law or misapplication of the guidelines, this court lacks jurisdiction to review the sentences within the appropriate guidelines range." United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991). Here, the district court correctly calculated the guideline range applicable to Taylor and imposed a sentence at the top end of the range.[2]
 
 
 14
 The district court imposed a sentence at the top of the guideline range based upon Taylor's three prior felony convictions, multiple misdemeanor convictions and long history of drug abuse. Taylor might object that the district court abused its discretion because some of the reasons given by the court (past criminal conduct) for imposing the sentence were already considered when the criminal history category was calculated. Taylor's misdemeanor convictions, however, did not figure into the criminal history calculation. Nor did his juvenile felony convictions. The district court stated that Taylor's recidivism and the failure of the probationary sentences that Taylor received for his adult felony convictions to provide adequate deterrence influenced its sentencing decision.[3] The district court also considered the nature of the crime concerned, distribution of crack cocaine. Such considerations at sentencing are clearly appropriate. 18 U.S.C. Secs. 3553(a)(1) and 3553(a)(2)(A)-(C). See also United States v. James, 40 F.3d 850, 879 (7th Cir.1994), cert. denied sub nom. Williams v. United States, 115 S.Ct. 948 (1995), Allison v. United States, 115 S.Ct. 1160 (1995), petition for cert. filed, (U.S. April 5, 1995); Fuller, 15 F.3d at 651.
 
 
 15
 Counsel points out that Taylor might be able to object to the district court's rejection of the government's recommendation that Taylor be sentenced at the lower end of the guideline range. The district court, however, was not required to comply with a sentencing recommendation made pursuant to the plea agreement. U.S.S.G. Sec. 6B1.2(b); Fed.R.Crim.P. 11(e)(1)(b). Taylor was informed, and acknowledged that he understood, that the district court was not bound by the government's recommendation. (Plea Acceptance Transcript 3/16/94 at 15) Accordingly, any appeal based upon the district court's refusal to follow the government's sentencing recommendation would be frivolous. See United States v. Bennett, 990 F.2d 998, 1001-05 (7th Cir.1993); United States v. Medina-Saldana, 911 F.2d 1023, 1024-25 (5th Cir.1990).
 
 
 16
 One final area of concern regarding Taylor's sentencing involves the government's introduction of evidence at the sentencing hearing as to an altercation between Taylor and several United States Marshals. Taylor disputed the government's version of events, maintaining that he was provoked by the marshals. While Taylor may question the relevance of this incident to the calculation of his sentence since he was not charged with any misconduct, the record reveals that the incident had no impact on Taylor's sentence. After discussing the incident, Judge Reinhard told Taylor that "quite frankly, your sentence is one that I would impose whether the conduct had existed or not in jail." (Sentencing Transcript 7/28/94 at 22) Since there is no indication that the district court was influenced by the incident, any claim by Taylor of prejudice would be groundless and therefore frivolous. United States v. Scherl, 923 F.2d 64, 66 (7th Cir.), cert. denied, 111 S.Ct. 2272 (1991).
 
 
 17
 Counsel's motion to withdraw is therefore GRANTED and Taylor's appeal is DISMISSED.
 
 
 
 [1]
 The following exchange occurred between Judge Reinhard and Taylor at the hearing to consider Taylor's motion to vacate his plea agreement:
 COURT: [W]hen you were examined [by the clinical psychologist and clinical psychiatrist], did you express to the people who were examining you that you were hearing voices?
 TAYLOR: No.
 COURT: So, that is not accurate that you were hearing voices?
 TAYLOR: No, it's not.
 COURT: All right. Were you having some depression or any other problems?
 TAYLOR: I think what it is that I was having trouble coming to terms with that I pleaded guilty and I have to do what I have to do.
 * * *
 COURT: All right. I understand. What you're telling me is that after--you started to think about it after you pled guilty. And, obviously, you face some imprisonment time.
 TAYLOR: Yes, sir.
 COURT: And you were thinking, well, is this the best thing for me.
 TAYLOR: Yes, sir.
 COURT: And you were looking for a potential excuse, if you wanted to withdraw the plea.
 TAYLOR: Or maybe where some time could be cut off. That's what I was kind of looking at.
 COURT: All right. As far as you are concerned, you're in good mental health.
 TAYLOR: Yes, sir.
 (Hearing Transcript 6/29/94 at 5-6).
 
 
 [2]
 Taylor pleaded guilty to possession with intent to distribute 51.5 grams of cocaine base which equals a base level offense of 32. U.S.S.G. Sec. 2D1.1(a)(3). Because Taylor accepted responsibility for the offense and timely notified the government of his intent to pled guilty, he was given a three point reduction pursuant to U.S.S.G. 3E1.1 and 3E1.1. (b), reducing his offense level to 29. Taylor's criminal history level was assessed at IV. He received two points for a 1982 conviction for theft, U.S.S.G. Sec. 4A1.1(b), and one point each for a 1990 aggravated battery conviction, a 1991 conviction for reckless driving and driving after license suspension and a 1992 conviction for driving while under the influence of alcohol. U.S.S.G. Sec. 4A1.1(c). Taylor also received two-points because he committed the charged offense while on probation from the 1992 aggravated battery conviction. U.S.S.G. Sec. 4A1.1(d). The applicable sentencing range for a defendant with a level 29 offense and a criminal history category of IV is one hundred twenty-one months to one hundred fifty-one months. U.S.S.G. Sec. 5A, s.t
 
 
 [3]
 At sentencing, Judge Reinhard stated:
 I carefully looked over the presentence report. You do have a long history of at least three felony convictions. It's rather surprising to me that for each of these felony convictions, you either got probation or periodic imprisonment. By that I mean if you had been sentenced to the penitentiary at least on the second or third time, maybe you would have realized that it's not fun behind bars and that when you have your life restricted like that, you may think twice about committing another offense. Unfortunately, there is also a history of several misdemeanors, and it appears to me that as far as the state court actions were concerned that you didn't have much to fear if you were arrested again. On the other hand, now you face a federal offense for which the court must sentence you to somewhere between 121 months and 151 months.
 (Sentencing Transcript 7/28/94 at 21)