# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-30446
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSEPH BUNN, also know as JoJo

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-152-1

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant Joseph Bunn challenges the 262-month sentence imposed following his guilty-plea conviction for one count of knowingly and intentionally distributing at least five grams of cocaine base. The sentence included an enhancement based on the district court's finding that Bunn was a career offender under U.S.S.G. § 4B1.2 because he had at least two qualifying prior felony convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews questions of the interpretation of the Sentencing Guidelines, such as § 4B1.1, as a question of law subject to de novo review. United States v. Angeles-Mendoza, 407 F.3d 742, 746-47 (5th Cir. 2005); United States v. Shano, 955 F.2d 291, 294 (5th Cir. 1992) (internal citations omitted). Application of the Guidelines to the facts of a case are reviewed for clear error. Id.

Bunn argues that the district court erred in finding that he was a career offender under the Guidelines. Bunn concedes that he has a prior conviction in Georgia for distributing drugs that counts as a prior felony conviction for purposes of § 4B1.1. He contends, however, that the aggravated battery conviction which was counted for purposes of § 4B1.1 should not have been used because the underlying facts and circumstances of the incident did not make it a crime of violence. However, the appropriate inquiry under U.S.S.G. § 4B1.2, which defines "crime of violence" for purposes of § 4B1.1, focuses on the elements of the crime, not the defendant's actual conduct in committing the offense. United States v. Garcia, 470 F.3d 1143, 1147 (5th Cir. 2006). Bunn's argument is without merit.

Bunn also argues that the district court erred in denying his motion for a downward departure or variance. However, there is no indication in the record that the district court believed that it lacked authority to grant a downward adjustment or variance. Accordingly, this court lacks jurisdiction to review this issue. See United States v. Sam, 467 F.3d 857, 861 (5th Cir. 2006). When a defendant's motion for downward departure has been denied, he may still argue on appeal that his sentence was unreasonable because the district court failed to adequately consider factors counseling in favor of a downward departure. See United States v. Nikonova, 480 F.3d 371, 375 (5th Cir.), cert. denied, 128 S.Ct. 163 (2007).

Bunn argues that his sentence was unreasonable because the district court focused solely on his criminal history and gave insufficient weight to the

other factors set forth in 18 U.S.C. § 3553(a) and to mitigating factors such as his mental and physical health problems. The record shows that the district court did in fact consider Bunn's health problems. As for whether the district court properly considered the factors set forth in § 3553(a), Bunn, who received a sentence within the suggested guidelines range, does not contend that the range was improperly calculated. "[A] sentence within a properly calculated guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Further, when a sentencing court exercises its discretion to impose a sentence within a properly calculated guidelines range, this court infers that the district court considered all of the factors required for a fair sentence. United States v. Smith, 440 F.3d 704, 708 (5th Cir. 2006). Bunn's arguments are without merit.

AFFIRMED.