**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Lee SMERTNECK,**
**Defendant–Appellant.**

**No. 91–4481.**

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1992.

Randal B. Gilbert, Lee, Gilbert & Morrison, Tyler, Tex. (Court-appointed), for defendant-appellant.

Jim Middleton, Asst. U.S. Atty., Bob Wortham, U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM and BARKSDALE, Circuit Judges, and LITTLE, District Judge.[1]

LITTLE, District Judge:

The crime to which the appellant entered a plea of guilty did not have a specific sentence provided in the Sentencing Guidelines. The district court sentenced according to a penalty plan applicable to a similar crime. Appellant asserts that the district court's determination of a similar offense was in error as there is another offense more fitting to the appellant's conduct and, if applied, would render a lesser penalty. We disagree and AFFIRM the sentence of the district court.

James Lee Smertneck was charged with a violation of 21 U.S.C. § 843(a)(6).

It shall be unlawful for any person knowingly or intentionally . . . (6) to possess any three-neck round-bottom flask . . . or equipment specially designed or modified to manufacture a controlled substance, with intent to manufacture a controlled substance except as authorized by this title. . . .

---

1. District Judge of the Western District of Loui-   siana, sitting by designation.

At his plea hearing, Mr. Smertneck entered a guilty plea and specifically acknowledged that he possessed a flask with the intention to manufacture methamphetamines.[2]

Upon direct examination, Mr. Smertneck admitted to being present in a private home that was the site of an operating methamphetamine laboratory. He also admitted that he transported flasks to the residence and that those flasks were actually used in his presence to manufacture methamphetamines. R–2, 16–18.

In most situations, the Sentencing Guidelines provide a specific methodology for setting the penalty for the commission of a specific crime. The sentencing judge dials the offense in the guideline index and then sets in motion the action directed by the Sentencing Guidelines to arrive at the ultimate answer—the sentencing range. Here, the guidelines did not have a specific reference for the felony to which the defendant pled guilty. In that instance, the guidelines provide that the sentencing authority should repair to the most analogous guideline.

> If the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline....

U.S.S.G. § 2X5.1

■ The appellant contends that the most analogous offense guideline is that applicable to a violation of 21 U.S.C. § 863, a statute that proscribes the use, sale or trafficking of drug paraphernalia. The trial court likened the defendant's offense to 21 U.S.C. § 841(d), a statute which criminalizes the possession of a chemical with the intent to manufacture a controlled substance.[3]

■ The decision of the trial judge to adopt the Guideline for 21 U.S.C. § 841(d) as the most analogous offense guideline is a legal decision and subject to a de novo standard of review. 18 U.S.C. § 3742(d); *United States v. Reyes–Ruiz*, 868 F.2d 698, 701 (5th Cir.1989).

The primary thrust of appellant's argument is that guidelines for a violation of 21 U.S.C. § 863 are the most analogous offense guidelines. As previously stated, 21 U.S.C. § 863 deals with use, sale or trafficking of drug paraphernalia such as, but not limited to, roach clips, ice pipes or cocaine freebase kits. Dissimilarly, 21 U.S.C. § 841(d) is directed to the possession of a chemical with intent to manufacture a controlled substance. The former statute makes illegal the use, sale or trafficking of things used to consume or experience controlled substances. The latter statute makes illegal the possession of things used to create controlled substances. The thing possessed by Mr. Smertneck was a three-neck flask, which Mr. Smertneck admitted he possessed with the intent to manufacture a controlled substance, not to experience a controlled substance. We find no error of law in the trial judge's determination that the most analogous offense guideline is that applicable for a violation of 21 U.S.C. § 841(d).

---

**2.** The Court: Mr. Smertneck, tell me what you understand you're pleading guilty to. What do you understand you're charged with here?
  Mr. Smertneck: Possession of a flask.
  The Court: A flask to do what? There are a lot of....
  Mr. Smertneck: To manufacture methamphetamines.
  The Court: Okay. You understand that possession of a flask like that with the intent to manufacture a controlled substance is against the law?
  Mr. Smertneck: Yes, sir.
  The Court: And you understand this plea is an admission that you had it with the intent to manufacture a controlled substance?
  Mr. Smertneck: Yes, sir.
  The Court: Okay. I wish to advise you that from what I am advised is on this particular

account it carries a maximum sentence of four years, a maximum fine of $250,000 or both and a minimum of one year of suspended release. That amounts to probation after you serve any sentence you may serve. You understand the Court could give you the maximum?
  Mr. Smertneck: Yes, sir.
Record R–2, 7–8.

**3.** It is interesting to note, but not material to our decision, that there is no longer an absence of a specific guideline for a violation of 21 U.S.C. § 843(a)(6). Effective 1 November 1991, direction is found in U.S.S.G. § 2D1.12. Had the new guideline applied, the result may well have been the same as imposed by the trial judge in this instance.

For the foregoing reasons, the sentence is AFFIRMED.