UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 95-40993
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WAYNE HORNSBY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:95-CR-79-1)
_____

July 5, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:

Primarily at issue is whether the sentencing guideline for kidnapping was the guideline most analogous to the offense conduct to which Michael Wayne Hornsby pleaded guilty -- interstate domestic violence -- and for which no guideline had been promulgated. Hornsby challenges his sentence on this and two other bases; we **AFFIRM**.

I.

On June 13, 1995, in Brookeland, Texas, Hornsby approached his former girlfriend and asked to speak to her. When she refused, Hornsby choked her until she was unconscious, placed her in her automobile, and took her to Louisiana, where he was apprehended.

Hornsby was indicted for kidnapping, in violation of 18 U.S.C. § 1201, and for interstate domestic violence, in violation of 18 U.S.C. § 2261. In exchange for his plea of guilty to interstate domestic violence, the kidnapping charge was dismissed. A person commits the crime of interstate domestic violence by, *inter alia*, "caus[ing] a spouse or intimate partner to cross a State line ... by force, coercion, duress, or fraud and, in the course or as a result of that conduct, intentionally commit[ting] a crime of violence and thereby caus[ing] bodily injury to the person's spouse or intimate partner". 18 U.S.C. § 2261(a)(2).

At sentencing, the district court, over Hornsby's objections, applied the base offense level for kidnapping to the interstate domestic violence offense. The court also found, over Hornsby's objections, that he was a career offender; and that, because Hornsby committed the instant offense while on state parole, his sentence for the federal offense should run consecutively to his state sentence. Hornsby was sentenced to the statutory maximum of 60 months imprisonment, to run consecutively to his state sentence.

II.

Hornsby challenges use of the kidnapping guideline, the career offender finding, and his federal sentence being served consecutively.

A.

Hornsby contends that, rather than using the base offense level for kidnapping, the district court should have used that for assault or aggravated assault. He asserts that those guidelines

are more closely analogous to his offense conduct because each necessarily involves bodily harm, while kidnapping can occur without violence. We review *de novo* the ruling that the kidnapping guideline is the most analogous guideline. ***United States v. Smertneck***, 954 F.2d 264, 265 (5th Cir.), *cert. denied*, 506 U.S. 833 (1992).

The district court sentenced Hornsby under the 1994 version of the Guidelines, which do not specify a base offense level for interstate domestic violence. Pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 2X5.1 (1994)(court should apply the most analogous offense guideline for an offense for which no guideline has been promulgated), the district court applied the kidnapping guideline, finding that it was the most analogous to Hornsby's offense conduct. The court rejected Hornsby's contention that the assault or aggravated assault guideline should have been used instead, adopting the PSR's reasoning that the kidnapping guideline was the only one that addressed the elements of abduction and crossing a state line.

Because Hornsby was sentenced on November 15, 1995, the 1995 version of the Guidelines, effective that November 1, should have been used. 18 U.S.C. § 3553(a)(4)(A); *see* ***United States v. Castaneda-Cantu***, 20 F.3d 1325, 1336 (5th Cir. 1994) (sentencing court must apply version of guidelines in effect at sentencing unless such application would violate *Ex Post Facto* clause). Appendix A of those Guidelines, which specifies the guideline section applicable to the statute of conviction, references several

3

applicable guidelines for violations of 18 U.S.C. § 2261, including those for assault and kidnapping. U.S.S.G. App. A (1995). The introduction to Appendix A states that, if more than one guideline section is referenced for the particular statute, the court should use the one most appropriate for the nature of the offense conduct charged in the offense for which the defendant was convicted. *Id*. Accordingly, the analysis is the same whether under the 1994 or 1995 version. (This applies equally to all of the guidelines cited here. Accordingly, the 1995 version is used.)

Although Hornsby's offense conduct involved violence and bodily injury, which would make the guidelines for assault and aggravated assault applicable, *see* U.S.S.G. §§ 2A2.2, 2A2.3, it also involved abducting and carrying the victim across a state line. The offense guideline for kidnapping, which includes increases in the offense level if the victim suffered certain degrees of bodily injury, is the only guideline which takes into consideration all of these specific offense characteristics. *See* U.S.S.G. § 2A4.1. Therefore, because the kidnapping guideline is the most analogous to Hornsby's offense conduct, the district court did not err by using it to determine the offense level for interstate domestic violence.

B.

The career offender finding is challenged next. Hornsby asserts that the PSR, which the district court adopted, contains no evidence or factual basis for the conclusion that the offenses on which career offender status is based involved the use, attempted

4

use, or threatened use of physical force, such that they were crimes of violence within the meaning of U.S.S.G. § 4B1.1.

We review the interpretation of § 4B1.1 *de novo*, and the factual findings for clear error. **United States v. Shano**, 955 F.2d 291, 294 (5th Cir. 1992). A defendant is a career offender if, *inter alia*, he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. A "crime of violence" is a felony offense that has as an element the use, attempted use, or threatened use of physical force against another. U.S.S.G. § 4B1.2(1)(i). A "crime of violence" also includes, *inter alia*, burglary of a dwelling. U.S.S.G. § 4B1.2(1)(ii).

The PSR stated that one of Hornsby's prior theft charges was filed initially as a burglary of a habitation and that one of his burglary offenses also involved burglary of a habitation. Hornsby offered no evidence to rebut this.

A presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making guideline determinations, especially when there is no evidence in rebuttal. **United States v. Alfaro**, 919 F.2d 962, 966 (5th Cir. 1990). Because burglary of a habitation is considered a crime of violence, the court did not err in holding that Hornsby had the two requisite prior crimes of violence for career offender status. *See* U.S.S.G. § 4B1.2(1)(ii) & comment. (n.2) (conduct of which defendant was convicted is focus of inquiry).

C.

5

The final issue concerns Hornsby's federal sentence being served consecutively to an undischarged state sentence.

1.

Hornsby asserts that, because his state conviction was used to determine his base offense level for the instant offense, he should have been sentenced under U.S.S.G. § 5G1.3(b).  It provides that, if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment".  U.S.S.G. § 5G1.3(b).  Hornsby's state conviction was used in calculating his criminal history score, but not in determining his base offense level.  Accordingly, § 5G1.3(b) is inapplicable.

The district court ordered a consecutive sentence, pursuant to U.S.S.G. § 5G1.3(c), p.s., which provides:

> (Policy Statement) ... the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3(c), p.s.  The commentary to § 5G1.3 provides that

> [i]f the defendant was on ... state ... parole ... at the time of the instant offense, and has had such ... parole ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of ... parole ... in order to provide an incremental penalty for the violation of ... parole....

U.S.S.G. § 5G1.3, comment. (n.6).

6

When Hornsby committed the instant offense, he was on state parole until June 5, 1998, for three burglaries. His parole was revoked on September 5, 1995. Note 6 of the commentary, quoted above, squarely addresses this situation. Therefore, the court did not err by ordering a consecutive sentence.

## 2.

Hornsby's contention that due process forbids a consecutive sentence because his state parole had not been revoked at the time of the commission of the instant offense and entry of his plea is meritless. He does not explain how his due process rights have been violated; nor does he support his contention with citations to any authority. *See* FED. R. APP. P. 28(a)(6).

## III.

For the foregoing reasons, the sentence is

*AFFIRMED.*

7