101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herman Phillip SHEETS, Jr., Defendant-Appellant.
 No. 95-50463.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Nov. 15, 1996.
 
 1
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 OVERVIEW
 
 3
 Defendant Herman Phillip Sheets, Jr. ("Sheets") appeals his jury conviction and sentence under the Sentencing Guidelines for being a felon in possession of a firearm and ammunition, and an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(a) & (e)(1). We affirm.
 
 II.
 DISCUSSION
 A. Admissibility of the Police Reports
 
 4
 The district court did not err in excluding police reports containing statements made by Ingram, Jordan, Vierra, Gugel and Gill.[1] Sheets asserts four grounds for admission of the reports: (1) the past recollection recorded exception to the hearsay rule; (2) the catchall exception to the hearsay rule; (3) the Due Process Clause; and (4) the Confrontation Clause.[2] The Court rejects each of these arguments.
 
 
 5
 First, the reports containing statements of Ingram, Gugel and Gill were not admissible as past recollection recorded under Federal Rule of Evidence 803(5). Defendant failed to establish that these witnesses lacked sufficient memory to testify fully and accurately at trial as required by the rule. See Fed.R.Evid. 803(5); United States v. Felix-Jerez, 667 F.2d 1297, 1300 (9th Cir.1982) (stating that "it must first be shown that the witness does not now have sufficient recollection as to the matters contained in the statement to enable him to testify fully and accurately regarding them"). For example, Ingram testified that the incident was "burned into his memory"; the district court properly found that Sheets "didn't bother to establish that [Gugel] ha[d] a recollection problem"; and, Gill testified at trial that he had no problem in remembering the incident. Therefore, as to each of these reports, Sheets failed to lay the foundation for past recollection recorded.
 
 
 6
 Second, the district court did not abuse its discretion in refusing to admit the police reports containing statements of Jordan and Vierra under Rule 804(b)(5). The district court found that there were not sufficient circumstantial guarantees of trustworthiness to justify admission of the reports under Rule 804(b)(5). See United States v. Fowlie, 24 F.3d 1059 (9th Cir.1994), cert. denied, 115 S.Ct. 742 (1995). The record supports the district court's finding. At trial, the officer who wrote the reports could not state with confidence whether Jordan or Vierra were drunk at the time of the interview. Thus, at trial, the evidence showed that the statements did not have the necessary circumstantial guarantees of trustworthiness for admission.
 
 
 7
 Third, failure to admit police reports containing Ingram's statements did not violate Sheets' due process rights because Sheets did not show that the reports were crucial to his defense. See United States v. Lopez-Alvarez, 970 F.2d 583, 588 (9th Cir.), cert. denied, 506 U.S. 989 (1992). On the contrary, Officer Labato's report of Ingram's statements provides further evidence of Sheets' guilt; he reports Ingram as saying:
 
 
 8
 I went back inside of the bar and told the bartender to advise the police that Phil [Sheets] had shot the black male [Jackson].... The black guy that was shot by Phil was the same black guy that had been inside of the bar and was sitting at the table minding his own business when Phil fired the shot inside.
 
 
 9
 These statements clearly show that Ingram believed that Sheets shot Jackson. Sheets fails to explain how these inculpatory statements were crucial to his defense.
 
 
 10
 Finally, failure to admit the reports did not violate Sheets' rights under the Confrontation Clause because Ingram previously testified and was subject to cross examination by Sheets. See Acosta-Huerta v. Estelle, 7 F.3d 139, 143 (9th Cir.1992) ("An exception [to the Confrontation Clause] is recognized where the witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant.")
 
 
 11
 B. Trial Transcripts Sent to the Jury during Deliberations
 
 
 12
 The district court did not abuse its discretion when, upon the jury's request, it sent trial transcripts of testimony of Ingram and Pecorraro to the jury during deliberations. See United States v. Hernandez, 27 F.3d 1403, 1408 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995) (noting the standard of review). At trial, Sheets objected to the court's decision to send the testimony on the ground the procedure would unfairly highlight the testimony of the two witnesses.
 
 
 13
 Under "the particular facts and circumstances" of this case, the court took sufficient precautions to avoid undue emphasis of any portion of the trial transcript. See Hernandez, 27 F.3d at 1408. The precautions taken by the district court included: (1) extrinsic impeachment evidence of Ingram's testimony was sent along with the direct and cross examination testimony; (2) the transcripts of four witnesses' testimony were sent rather than that of a single witness. Sheets did not request a cautionary instruction, and while it would have been preferable for the district court to give such an instruction to the jury, this failure alone, in light of the precautions noted above, do not constitute abuse of discretion.
 
 
 14
 This case is different than the two cases cited by defendant where we found that the district court did abuse its discretion. Binder involved replaying the videotaped testimony of a single witness. United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985). Videotape testimony is inherently more susceptible of undue emphasis by the jury because it is "the functional equivalent of live testimony." Id. In Hernandez we found that the court abused its discretion by sending back the trial transcripts of a single witness. 27 F.3d at 1409. However, that case involved stronger indications of undue emphasis than are present in this case. The jury in Hernandez, after deliberating for only a short period of time, specifically stated that its decision "was based on" the testimony of a single witness. Id. at 1405.
 
 
 15
 C. Grand Jury Transcripts were not Brady Material
 
 
 16
 The district court's finding that the Grand Jury transcripts of Bash and Gill were not Brady material was not clearly erroneous. See United States v. Strifler, 851 F.2d 1197, 1202 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989) (holding that where the district court reviews the material in camera, we review its determination for clear error). We agree with the district court that "[w]hen you read [the grand jury testimony] you come away thinking, there's not much question of doubt as to who did the shooting", and that Bash's and Gill's trial testimony were essentially consistent with their grand jury testimony.
 
 
 17
 D. Government Permitted to Reopen its Case-in-Chief
 
 
 18
 The district court did not abuse its discretion when it allowed the Government to reopen its case-in-chief to introduce a stipulation that Sheets is an ex-felon. See United States v. Simbtob, 901 F.2d 799, 804 (9th Cir.1990) (noting the standard of review). We will reverse the district court only if its decision prejudiced Sheets' ability to contest material evidence. See United States v. McQuisten, 795 F.2d 858, 863 (9th Cir.1986) (finding that defendant was not prejudiced where he did not ask for a continuance for the purpose of cross examining witness about new evidence); United States v. Huber, 772 F.2d 585, 592 (9th Cir.1985) (finding that defendant was not prejudiced where he was given additional time to prepare because of new evidence).
 
 
 19
 In this case there was no prejudice. The Government referred to the stipulation in its opening, and Sheets does not suggest he wished to contest the stipulation at all. Rather, Sheets wished only to reap a windfall from the Government's mistake in failing to introduce the stipulation in its case-in-chief.
 
 
 20
 E. Credit for Time Served on Parole Violation
 
 
 21
 The district court properly found that Sheets' state sentence for violation of parole should run consecutively with his federal sentence in the instant case. See U.S.S.G. § 5G1.3. Application note six to Sentencing Guideline § 5G1.3(b) applies to this case, and it provides, in relevant part:
 
 
 22
 If the defendant was on ... state probation ... at the time of the instant offense, and has had such probation ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation....
 
 
 23
 See United States v. Bernard, 48 F.3d 427, 431-32 (9th Cir.1995) (applying note four of the 1993 Sentencing Guidelines, which is identical to note six of the 1995 Guidelines). Accord United States v. Hornsby, 88 F.3d 336, 339 (5th Cir.1996); United States v. Gondek, 65 F.3d 1, 3 (1st Cir.1995).
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The court rejects defendant's argument that the district court abused its discretion by excluding the reports of Bash and Barton because those reports were in fact admitted
 
 
 [2]
 At trial, Sheets did not raise each of the four grounds for each of the reports. Because arguments raised for the first time on appeal are waived, the Court will address only the arguments raised before the district court. See Fed.R.Evid. 103(a)(1); United States v. Rivera, 43 F.3d 1291, 1295 (9th Cir.1995)