**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose G. Del REAL–ORDONES,**
**Defendant–Appellant.**

**No. 01–2236.**

United States Court of Appeals,
Tenth Circuit.

July 23, 2002.

**230**

Before TACHA, Chief Judge, EBEL, and LUCERO, Circuit Judges.

---

### ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Jose G. Del Real–Ordones seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Defendant's application for a COA is granted in part and denied in part.

Del Real–Ordones was convicted of possession with intent to distribute in excess of one kilogram of methamphetamine in violation of 21 U.S.C. § 841(a)(1) on December 7, 1998, and sentenced to a prison term of 121 months. He was discovered with the methamphetamine when he was traveling from Los Angeles, California, to Dodge City, Kansas, on an Amtrak train. During the train's stop in Albuquerque, New Mexico, Del Real–Ordones was approached by Drug Enforcement Agency ("DEA") agent Michael Mans, who questioned defendant, searched his baggage after obtaining his consent, and discovered a sizeable quantity of methamphetamine hidden in a laundry detergent box.

Defendant appealed his conviction, alleging insufficient evidence to support a "deliberate ignorance" jury instruction. We concluded there was sufficient evidence for the instruction and affirmed defendant's conviction. *United States v. Delreal–Ordones*, 213 F.3d 1263 (10th Cir.2000).

On October 12, 2000, Del Real–Ordones filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which the district court dismissed with prejudice. Defendant seeks a COA to address his claims that (1) DEA agent Mans illegally seized defendant; (2) defendant's consent to search his baggage was not voluntary because it followed an illegal detention; (3) trial counsel was ineffective in failing to file a motion to suppress; and (4) trial counsel was ineffective for failing to investigate whether one of the DEA agents had access to defendant's baggage key and searched the bags when defendant was not present.[1]

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Del Real–Ordones's Motion for a COA raises additional issues; he has waived those claims however by failing to raise them in his opening brief. *See* Fed. R.App. P. 28(a)(5), 28(a)(9); *see also Pino v. Higgs*, 75 F.3d 1461,

Because Del Real–Ordones failed to raise the first two issues on direct appeal, he is barred from raising them in this § 2255 proceeding unless he can establish cause excusing the procedural default and prejudice from the error or that there will be "a fundamental miscarriage of justice if the claim is not considered." *United States v. Cox,* 83 F.3d 336, 341 (10th Cir. 1996). Although defendant does not allege a fundamental miscarriage of justice, he does claim trial counsel was ineffective for failing to file a motion to suppress the evidence discovered in defendant's baggage and for not investigating possible Fourth Amendment violations. Success on defendant's ineffective assistance of counsel claims could provide cause excusing the procedural default, so we now turn to these claims. *Id.*

To establish ineffective assistance of counsel, Del Real–Ordones must show that his lawyer's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In reviewing ineffective assistance of counsel claims, we accept the district court's factual findings unless they are clearly erroneous and review de novo whether counsel's performance was legally deficient and whether the deficiencies prejudiced defendant. *See United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995).

Appellant contends that he was illegally detained by Agent Mans, such that any consent he may have given to Agent Mans to search his baggage was not voluntary.

The district court noted that Del Real–Ordones testified twice at trial that he consented to the search of his baggage, and defendant concedes in his opening brief that he provided consent. (Appellant's Br. at xiii.)

■ Finding that defendant consented to Agent Mans's search of his baggage, the district court concluded that counsel was not ineffective for failing to file a motion to suppress or raise additional Fourth Amendment issues during the trial. However, the district court did not address defendant's claim that his consent was involuntary because it followed an illegal detention. We therefore remand for consideration of this specific claim.[2] We do not express any opinion on the merits of this issue.

■ Del Real–Ordones's second claim of ineffective assistance of counsel is based on trial counsel's failure to investigate whether one of the DEA agents had access to defendant's baggage key and searched the baggage when defendant was not present. (*Id.* at 13–16.) In order for counsel's failure to investigate to constitute ineffective assistance, Del Real–Ordones must demonstrate prejudice—that "there is a reasonable probability that, but for counsel's [failure to investigate], the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Defendant has not satisfied this burden; he asserts only that had counsel conducted an investigation and discovered that a DEA agent had a key to defendant's baggage "without

---

1463 (10th Cir.1996) (concluding that an issue raised in the preliminary docketing statement, but not argued in the opening brief, is waived). Del Real–Ordones's pro se Motion for a COA was filed before the opening brief, which was prepared and filed by counsel. Consequently the need to construe his pro se pleadings liberally is not implicated in this case.

2. The Supreme Court's recent decision in *United States v. Drayton,* —— U.S. ——, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002), does not dispose of this issue because the trial court's focus on the existence of consent did not address defendant's claimed involuntariness of such consent.

defendant's knowledge for a significant period of time and that the contents of the luggage had been disturbed, it would raise an issue of a warrantless search without consent." (Appellant's Br. at 16.) Defendant does not state how raising the issue of a warrantless search without consent would have changed the result of the proceeding. Consequently we are left to speculate as to the prejudicial effect of counsel's alleged failure to investigate. As a result defendant has not established "that reasonable jurists would find the district court's assessment of the constitutional claim[ ] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). We therefore decline to issue a COA on this claim.

Because the district court failed to analyze Del Real–Ordones's allegation that any consent given to Agent Mans to search his baggage was involuntary because it followed an illegal detention, we **GRANT** his application for a COA on the issue of whether counsel was ineffective in failing to file a motion to suppress and **REMAND** for consideration of this claim. Because the disposition of this issue will affect the disposition of Del Real–Ordones's claims that he was illegally seized and his consent was involuntary because it followed an illegal seizure, we **REMAND** these two issues for further consideration.

We **DENY** defendant's application for a COA on the ineffective assistance of counsel claim based on a failure to investigate.

The mandate shall issue forthwith.