United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40623
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

LORENZO PRADO,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-870-ALL
---------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

    Lorenzo Prado appeals his sentence following his guilty plea conviction for possession with intent to distribute 255 kilograms of marijuana, a violation of 21 U.S.C. § 841.

    Prado contends that § 841 is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Prado concedes, his argument is foreclosed by circuit precedent. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue only to preserve it for Supreme Court review.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prado also contends that the district court erred by finding that his prior Texas state conviction for burglary of a habitation constitutes a "crime of violence" for purposes of the career offender enhancement provision of U.S.S.G. § 4B1.1. The district court correctly found that Prado's prior conviction for burglary of a habitation was a conviction for a crime of violence under § 4B1.2(a). See United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); see also United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005) (applying Hornsby to enhancement pursuant to § 2L1.2(b)(1)(A)(ii)).

Finally, although the district court's imposition of a sentence of 188 months of imprisonment was within the applicable guidelines range, Prado contends that the sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005). This court recently held that a discretionary sentence imposed within a properly calculated guideline range is presumptively reasonable. See United States v. Alonzo, ___ F.3d ___, No. 05-20130, 2006 WL 39119 at *3 (5th Cir. Jan. 9, 2006). Prado has not rebutted the presumption that his sentence was reasonable.

AFFIRMED.