United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20715
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RODRIGUEZ-ESCOBAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-92-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rodriguez-Escobar pleaded guilty to a one-count indictment charging him with being an alien found in the United States after deportation following an aggravated felony conviction. The district court sentenced Rodriguez-Escobar to 70 months in prison and a three-year term of supervised release.

Rodriguez-Escobar challenges the 16-level sentencing enhancement he received under U.S.S.G. § 2L1.2(b)(1)(A)(ii), arguing that the district court erred by finding that his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas conviction for burglary of a habitation constitutes a "crime of violence." The district court correctly found that Rodriguez-Escobar's prior conviction for burglary of a habitation was a conviction for a crime of violence. See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006); United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996).

Rodriguez-Escobar argues for the first time on appeal that his sentence was imposed illegally in light of United States v. Booker, 543 U.S. 220 (2005). This court's review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

After Booker, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." Valenzuela-Quevedo, 407 F.3d at 733. To satisfy the plain error test in light of Booker, Rodriguez-Escobar must demonstrate that his substantial rights were affected by the error. See United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). There is nothing in the record indicating that the district court would have imposed a different sentence under an advisory sentencing guidelines scheme. See United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Rodriguez-Escobar argues that application of

the plain error standard is contrary to the plain error standard enunciated in United States v. Dominquez Benitez, 542 U.S. 74 (2004). Rodriguez-Escobar's challenge to the showing required under Mares and Bringier is unavailing, as one panel may not overrule the decision of a prior panel absent en banc reconsideration or a superseding contrary decision of the Supreme Court. See United States v. Eastland, 989 F.2d 760, 768 n.16 (5th Cir. 1993).

Rodriguez-Escobar's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez-Escobar contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Rodriguez-Escobar properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.