United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20507
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VALENTINE DIAZ-PEREZ,
also known as Sergio Cabraba,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-530-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Valentine Diaz-Perez appeals his guilty plea conviction and sentence for being found unlawfully in the United States after having been deported.  The district court sentenced Diaz-Perez to 77 months of imprisonment and three years of supervised release.

     Diaz-Perez first challenges the 16-level sentencing enhancement he received under U.S.S.G. § 2L1.2(b)(1)(A)(ii), arguing that the district court erred by finding that his prior Texas conviction for burglary of a habitation constitutes a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"crime of violence." The district court correctly found that Diaz-Perez's prior conviction for burglary of a habitation was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii). See United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Diaz-Perez also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. As Diaz-Perez concedes, this claim is not ripe for review on direct appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). Accordingly, this claim is dismissed.

In his final argument, Diaz-Perez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Diaz-Perez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Diaz-Perez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Diaz-Perez properly concedes that his argument is foreclosed in

light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.