United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41319
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO PEREZ-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-354-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Mario Perez-Sanchez (Perez) appeals his guilty-plea conviction and sentence for being an alien found unlawfully in the United States after deportation and after having been convicted of a felony. He was sentenced to 33 months of imprisonment and three years of supervised release.

Perez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. Perez's constitutional challenge is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Perez contends that Almendarez-Torres was incorrectly
decided and that a majority of the Supreme Court would overrule
Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.
466 (2000), we have repeatedly rejected such arguments on the
basis that Almendarez-Torres remains binding.  See United States
v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied,
126 S. Ct. 298 (2005).  Perez properly concedes that his argument
is foreclosed in light of Almendarez-Torres and circuit
precedent, but he raises it here to preserve it for further
review.

Perez also argues that the district court erred in ordering
him to cooperate in the collection of a DNA sample as a condition
of supervised release and, therefore, that this condition should
be vacated.  As Perez concedes, this claim is not ripe for
review.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1102
(5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-
8662).  Accordingly, this portion of the appeal is dismissed for
lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.