United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-41231
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                              Plaintiff-
                                        Appellee,

                            versus

LUIS ANGEL MALDONADO,

                                                              Defendant-
                                        Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-206-ALL
----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Appellant Luis Angel Maldonado challenges his sentence for being present in the United States illegally after having been deported following conviction for a felony, in violation of 8 U.S.C. § 1326(a) and (b). First he asserts that the district court erred by finding that his prior Texas convictions for burglary of a habitation were crimes of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err. *See United States v. Garcia-Mendez*, 420 F.3d 454 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1398 (2006). Maldonado's argument that we failed to apply the categorical analysis of *Taylor v. United States*, 495 U.S. 575 (1990), in *Garcia-Mendez* is essentially an argument that *Garcia-Mendez* was incorrectly decided, and it is unavailing. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

Similarly, Maldonado asserts that the district court plainly erred by assessing criminal history points pursuant to § 4A1.1(f) for two prior burglary of a habitation convictions, based on a finding that they were crimes of violence under § 4B1.2(a). Burglary of a habitation in Texas is the equivalent of the enumerated offense of "burglary of a dwelling" under § 4B1.2(a)(2), and therefore it is a crime of violence under that section. *See United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996). Maldonado's assertion that *Hornsby* does not control because we did not apply *Taylor* is not persuasive. *See Burge*, 187 F.3d at 466.

Finally, although Maldonado contends that *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule it in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Maldonado properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.