United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20518
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELAR WILKINS, also known as Delmar Wilkins, also known as Delman
Wilkins,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-6-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Delar Wilkins appeals his guilty-plea conviction and
sentence for possession of a firearm by a convicted felon.  He
raises two issues in this appeal.

First, Wilkins argues the district court erred by finding
that his prior Texas felony conviction for burglary of a
habitation was a crime of violence under U.S.S.G. §§ 2K2.1(a)(2)
and 4B1.2(a).  The district court correctly found that Wilkins's
prior conviction for burglary of a habitation was a conviction
for a crime of violence.  See United States v. Garcia-Mendez,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

420 F.3d 454, 456-57 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1398 (2006); <u>United States v. Hornsby</u>, 88 F.3d 336, 339 (5th Cir. 1996).

Second, Wilkins contends that the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), is unconstitutional under the Commerce Clause because it criminalizes the possession of firearms which do not substantially affect interstate commerce and that there was insufficient evidence to establish there was a substantial effect on interstate commerce. Wilkins correctly concedes that these arguments are foreclosed by circuit precedent. <u>See</u> <u>United States v. Daugherty</u>, 264 F.3d 513, 518 & n.12 (5th Cir. 2001). He raises the issues to preserve them for further review.

AFFIRMED.